### HARRISON et al. v. BALDWIN & COMPANY.

Where a will gives to the husband of the testatrix and his two minor
children the whole estate, making him executor and conferring
upon him a power of sale and reinvestment, and he withdraws
from the estate more than one third thereof and devotes it to his
own use, he has no interest in what remains, and a judgment
thereafter rendered against him personally for his own debt has
no lien thereon.

July 24, 1893.

Levy and claim.   Before Judge GAMBLE.   Macon su-
perior court.   November term, 1892.

Executions against B. B. Odom, issued upon judgments
of February 13 and November 26, 1888, were levied
upon a one third interest in certain realty, and claims
were interposed by Harrison *et al.*   The cases were tried
together, and the court directed a verdict for the plain-
tiffs, ruling that the one third interest levied on was sub-
ject, that the same vested in defendant immediately under
the will of his wife, and that the sale of the property
by him as executor after the rendition of the judgments
could not defeat their lien.   Claimants excepted.

The evidence showed that defendant was in possession
of the property levied on at the time the judgments
were rendered and afterwards.   The will of Mrs. Odom,
dated December 16, 1884, was in evidence.   It appointed
B. B. Odom executor, bequeathed to him and their two
children all her property share and share alike, appointed
him testamentary guardian of the persons and property
of the children, relieved him of the duty of making an-
nual returns, and empowered him, if he so desired, to sell
said property publicly or privately, the proceeds to be
invested in such other property as he deemed most ad-
vantageous, which proceeds might again be sold and re-
invested as before, and so again as often as he deemed
right and proper.   Another item provided that he

might, at any time he deemed right or proper, sell such portion of the property bequeathed to the children as might be necessary to educate or maintain them, which testatrix desired to be done only when the proceeds of their interest were not sufficient for said purposes, and that without order of any court. The last item directed that the executor keep said property together for the joint use and benefit of himself and the children, and as the children married or became of age each of them should receive one equal tract to be set off by the executor. The evidence showed that the executor sold the land to claimants, who bought in good faith, paying full value. He had sold off 150 acres of the land belonging to his wife's estate, to pay his own debts, and in addition to this, had used for the same purpose $1,200 belonging to her estate, which money was obtained from insurance of the dwelling-house located on the land at her death. The whole of the estate left by her was worth $3,200. The children are minors, both under the care, protection and maintenance of the executor. Part of the money paid him by claimants was deposited in bank by him as executor, and before he could reinvest it a garnishment was served on the bank, and the money is still there. He made no returns either as executor or guardian. His wife owed no debts at her death. His deed to claimants was dated September 23, 1889. It recited a consideration of $2,500, and that the sale was a private one in pursuance of the will, etc.

J. W. HAYGOOD. by HARRISON & PEEPLES, for plaintiffs in error. E. A. HAWKINS, contra.

BLECKLEY, Chief Justice.

By the will of Mrs. Odom, made in 1884, her husband and her two children each became the beneficial owner of one equal share in her estate. According to the evidence that estate was of the value of $3,200, and before

the judgments against Odom were rendered he had withdrawn from the assets more than his full share of the estate.   This being so, what was left belonged to the two children, and a sale and conveyance of the same made by Odom as executor, under a power contained in the will, passed title to the purchasers free from the lien of the judgments in question, though that sale and conveyance did not take place until after these judgments were rendered.   A legatee or devisee has no interest left in an estate upon which a lien could attach in favor of his creditor after he has received and appropriated to his own use as much of the estate as he was entitled to. That he has done this informally and without any partition or division in terms, would certainly make no difference where the estate is in the hands of the legatee or devisee himself and he is also executor, and enough of it is in ready money to pay off his interest, and he retains the money and appropriates it to his own use. In this case suppose Odom had not exercised his power of sale as to these lands but had retained the lands until after his children became of full age, could not the children have recovered them from him as their property upon proof that he had expended for his own use money belonging to the estate amounting to more than one third of the whole value of the estate?   We think there can be no question that they could.   The direction in the will to keep the property together was not obligatory upon Odom as to his own interest in it, for he was a mature man and no trust of which he was both the beneficiary and the trustee could be raised by the will which would be obligatory upon him as to his one third clear interest in the assets of the estate.  The court erred in directing a verdict for the plaintiffs and against the claimants in the court below.   *Judgment reversed.*